RUSH MOORE LLP
A Limited Liability Law Partnership

CHERYL A. NAKAMURA   3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813-3862
Telephone No.: (808) 521-0400
Fax No.: (808) 521-0497
Email:  cnakamura@rmhawaii.com

Attorney for Defendants CITI MORTGAGE, INC.
and ABN AMRO MORTGAGE GROUP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL T. ASAO, | Civil No. CV 10-00553 SOM-KSC |
| Plaintiff, | DEFENDANTS CITI MORTGAGE, INC. and ABN AMRO MORTGAGE GROUP'S ANSWER TO COMPLAINT FILED SEPTEMBER 28, 2010; CERTIFICATE OF SERVICE |
| v. | |
| CITI MORTGAGE, INC., a BUSINESS ENTITY; ABN AMRO MORTGAGE GROUP, a Business Entity, form unknown; MAUI CAPITAL GROUP, INC., a Business Entity, form unknown, doing business as Hawaii Mortgage Solutions; ISLAND TITLE CORPORATION, a Business Entity, form unknown; DOES 1-100 inclusive, | |
| Defendants | |

DEFENDANTS CITI MORTGAGE, INC. and ABN AMRO MORTGAGE GROUP'S
ANSWER TO COMPLAINT FILED SEPTEMBER 28, 2010

Come now Defendants CITI MORTGAGE, INC. ("Defendant CMI") and ABN AMRO MORTGAGE GROUP ("Defendant ABN")(collectively "Answering Defendants"), and for answer to the Complaint filed

herein by Plaintiff DANIEL T. ASAO allege and aver as follows:

### FIRST DEFENSE

1. The complaint filed herein fails to state a cause of action upon which Plaintiff is entitled to relief as against Answering Defendants.

### SECOND DEFENSE

2. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 6, 7, 8, 9, 10, 14, 22, 23, 27, 76 and 77.

3. Answering Defendants admit the allegations of paragraph 15.

4. With respect to the allegations of paragraph 5, Answering Defendants affirmatively allege Defendant ABN was merged into Defendant CMI on September 1, 2007.

5. With respect to the allegations of paragraphs 3, 4, 11, 17, 18, 19, 20, 21, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 52, 53, 54, 57, 58, 59, 60, 61, 64, 65, 66, 67, 68, 69, 70, 75, 78, 79, 80, 82, 83, 84, 85, 87, 88, 89, 90, 91, 93, 94, 95, 96, 100, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116 and 117, Answering Defendants deny any wrongdoing or liability on their part or on the part of those properly acting

on their behalf, deny any allegations that affect the validity, legality and enforceability of the Promissory Note date June 28, 2006 (the "Note") and/or the Mortgage dated June 28, 2006, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2006-123633 (the "Mortgage"), deny Plaintiff is entitled to any relief or damages as against or affecting Answering Defendants, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs. Answering Defendants leave Plaintiff to his proof as to the remaining allegations in said paragraphs.

6.  With respect to the allegations of paragraphs 16, 46, 51, 55, 62, 71, 81, 86, 92, 97, 101 and 114 of the Complaint, Answering Defendants reallege and reincorporate the answers set forth above.

7.  With respect to the allegations and statements of paragraphs 13, 63, 72, 73, 74 and 102 of the Complaint, Answering Defendants deny any wrongdoing in their part and affirmatively allege that statutes and documents may speak for themselves.

8.  With respect to the allegations and statements of paragraphs 12, 56, 98 and 99, these are legal arguments or

conclusions, and they are not averments to which a response is required under Fed Rules of Civil Procedure, Rule 8(b).

9. Answering Defendants hereby deny each and every allegation of said Complaint not heretofore specifically pleaded to in the foregoing paragraphs of this answer.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of statute of limitations and/or laches.

### FOURTH DEFENSE

Plaintiff fails to assert particular provisions of any laws that Answering Defendants allegedly violated.

### FIFTH DEFENSE

If Plaintiff suffers or suffered any injuries or damages, such injuries or damages were directly and foreseeably caused by his own contract or conduct, and/or he voluntarily assumed the risk of any injuries or damages he may or may have suffered.

### SIXTH DEFENSE

If Plaintiff suffers or suffered any injuries or damages, such injuries or damages were not proximately caused by Answering Defendants but were caused by persons or entities other than Answering Defendants.

### SEVENTH DEFENSE

Plaintiff has failed to mitigate any injuries or damages he may or may have suffered and/or to avoid the reasonable consequences of any such injuries or damages.

### EIGHTH DEFENSE

Plaintiff fails to identify the terms and conditions of the mortgage loan he alleges is unconscionable, fails to allege how Plaintiff believes those terms and conditions are unconscionable, and fails to allege the factual reason each Defendant is liable for any claim.

### NINTH DEFENSE

Plaintiff has failed to join indespensible parties.

### TENTH DEFENSE

Plaintiff's allegations are insufficient to meet Plaintiff's burden under Fed. R. Civ. P. 8 and/or 9.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by misrepresentation, concealment and/or nondisclosure.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of breach of contract, statute of frauds, unclean hands, lack of, or failure of, consideration, unjust enrichment, consent and/or failure of performance.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, release, waiver, estoppel and/or ratification.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by insufficiency of process and/or insufficiency of service of process.

WHEREFORE, Answering Defendants pray:

1. That the Complaint filed herein be dismissed as against Answering Defendants;

2. That Answering Defendants be awarded their attorneys' fees and costs incurred herein as against Plaintiff; and

3. For such other and further relief as this Court deems just and proper in the premises.

Dated:   Honolulu, Hawaii, November 17, 2010.

/s/Cheryl A. Nakamura
WALTER BEH II
CHERYL A. NAKAMURA
Attorneys for Defendants CITI MORTGAGE, INC. and ABN AMRO MORTGAGE GROUP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL T. ASAO, ) | Civil No. CV 10-00553 SOM-KSC |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| v. ) | |
| ) | |
| CITI MORTGAGE, INC., a ) | |
| BUSINESS ENTITY; ABN AMRO ) | |
| MORTGAGE GROUP, a Business ) | |
| Entity, form unknown; MAUI ) | |
| CAPITAL GROUP, INC., a ) | |
| Business Entity, form ) | |
| unknown, doing business as ) | |
| Hawaii Mortgage Solutions; ) | |
| ISLAND TITLE CORPORATION, a ) | |
| Business Entity, form ) | |
| unknown; DOES 1-100 ) | |
| inclusive, ) | |
| ) | |
| Defendants ) | |
| ) | |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS CITI MORTGAGE, INC. and ABN AMRO MORTGAGE GROUP'S ANSWER TO COMPLAINT FILED SEPTEMBER 28, 2010 was duly served by U.S. Mail, postage pre-paid to the following on November 17, 2010:

        DANIEL T. ASAO
        Lot 173 Kamalei Circle
        Kahului, Hawaii 96732
        Plaintiff

        WAYNE P. NASSER, ESQ.
        KEVIN W. HERRING, ESQ.
        Ashford & Wriston
        Alii Place, Suite 1400
        1099 Alakea Street

```
P.O. Box 131
Honolulu, Hawaii  96810
Attorneys for Defendant
ISLAND TITLE CORPORATION
```

Dated:    Honolulu, Hawaii, November 17, 2010.

/s/Cheryl A. Nakamura
WALTER BEH II
CHERYL A. NAKAMURA
Attorneys for Defendants
 CITI MORTGAGE, INC. and
 ABN AMRO MORTGAGE GROUP