IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL T. ASAO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITI MORTGAGE, INC., a ) <br> Business Entity, ) <br> ABN AMRO MORTGAGE GROUP, a ) <br> Business Entity, form unknown, ) <br> MAUI CAPITAL GROUP, INC., a ) <br> Business Entity, form unknown, ) <br> ISLAND TITLE CORPORATION, a ) <br> Business Entity, form unknown, <br> and DOES 1-100 inclusive, <br> <br> Defendants. <br> _____ | CIVIL NO. 10-00553 SOM/KSC <br> <br> ORDER DENYING PLAINTIFF'S <br> "NOTICE OF MOTION FOR SUMMARY <br> JUDGMENT UNDER JUDGMENT BY <br> DEFAULT" (ECF No. 16) |

ORDER DENYING PLAINTIFF'S "NOTICE OF MOTION
FOR SUMMARY JUDGMENT UNDER JUDGMENT BY DEFAULT" (ECF No. 16)

I.      INTRODUCTION.

On November 15, 2010, pro se Plaintiff Daniel T. Asao filed his "Notice of Motion for Summary Judgment Under Judgment by Default" against Defendants Citi Mortgage, Inc. ("CMI"), and ABN AMRO Mortgage Group ("ABN"). See ECF No. 16. The court construes the document as both a motion for default judgment and a motion for summary judgment. The court denies the motions.

II.     PROCEDURAL HISTORY.

On September 28, 2010, Asao filed his Complaint, asserting twelve claims. See Compl., ECF No. 1. On October 12, 2010, Asao filed a "Certificate of Service Re: Complaint filed on Sept. 28, 2010," indicating that Defendants CMI, Maui Capital

Group, Inc., and Island Title Corporation, were served with copies of the Complaint by United States mail on October 11, 2010.  See ECF No. 7.  On October 27, 2010, Defendant Island Title Corporation timely filed its Answer to the Complaint.  See ECF No. 10.

On November 15, 2010, Asao filed a "Return of Service by Declaration of Daniel T. Asao," stating that Defendant CMI was served with a certified copy of the Complaint and Summons.  See ECF No. 15.  On November 15, 2010, Asao also filed his "Notice of Motion for Summary Judgment Under Judgment by Default" against only two of the Defendants:  CMI and ABN.  See ECF No. 16.[1]

On November 17, 2010, CMI and ABN filed their Answer to Asao's Complaint.  See Answer, ECF No. 18.  Although CMI and ABN's Answer was filed more than the 21 days after service required under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the court will allow the untimely Answer because of the dispute as to whether Defendants were served at the proper address.[2]  See Opp'n 2-5, ECF No. 26.

---

[1] Although Asao filed what appears to be a motion for summary judgment, he fails to submit the required supporting memorandum and separate concise statement detailing each material fact as to which he contends that there are no genuine issues to be tried. See Local Rule 56.1(a).

[2] It appears that Asao served Defendants at an incorrect address in Troy, Michigan, when their registered Agent for Service is in Honolulu, Hawaii.  See Opp'n 2-3.

III.     ANALYSIS.

   A.     Default Judgment Is Denied.

   To the extent this motion is for default judgment, it is DENIED. Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is allowed "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As Defendants CMI and ABN have already filed their Answer to Asao's Complaint, default judgment is denied.

   Moreover, it appears Asao has moved for entry of default judgment without first seeking or obtaining entry of default. In substance, Asao appears to request default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Asao must first obtain an entry of default from the Clerk of Court under Rule 55(a). If the Clerk is satisfied that the opposing party has been served with the Complaint and has not timely responded to it, the Clerk must enter default. See Fed. R. Civ. P. 55(a). After this step, Asao may move for a default judgment. See Fed. R. Civ. P. 55(b)(2). Accordingly, this motion for default judgment is also denied as premature. See also Larson v. Ching, 2009 WL 1025872, at *5 (D. Haw. 2009); Schoenlein v. Frank, 2009 WL 650273, *1 (D. Haw. 2009).

   B.     Summary Judgment is Denied.

   To the extent this motion seeks summary judgment, it is

DENIED because Asao fails to carry his burden of proof.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted); <u>accord</u> <u>Miller v. Glenn Miller Prods. Inc.</u>, 454 F.3d 975, 987 (9th Cir. 2006).  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  <u>Miller</u>, 454 F.3d at 987.

Asao does not identify materials on file that demonstrate the absence of a genuine issue of material fact.  Asao fails to demonstrate entitlement to judgment as a matter of law.  In his motion for summary judgment, Asao simply asserts that Defendants did not provide the original note and assignment of mortgage, and that Defendants violated the Federal Truth in Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA").  <u>See</u> Not. Mot. Summ. J. under J. by Default 2.  Such bald statements are insufficient to shift the burden to Defendants.  Moreover, Asao does not state what provisions of the TILA or FDCPA are violated or how they are violated.

Accordingly, he is not presently entitled to judgment as a matter of law.

IV.     CONCLUSION.

For the foregoing reasons, this court denies Asao's request for summary judgment and default judgment, but this order does not preclude a properly supported motion in the future, provided it is timely filed. If Asao files another motion for summary judgment, he should submit a motion, memorandum, and concise statement of facts as required under Local Rule 56.1(a).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2011



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Asao v. Citi Mortgage, Inc.; ABN AMRO Mortgage Group, et al., Civ. No. 10-00553 SOM/KSC; ORDER DENYING PLAINTIFF'S "NOTICE OF MOTION FOR SUMMARY JUDGMENT UNDER JUDGMENT BY DEFAULT" (ECF NO. 16).